The Honorable Wm. Randal Wright Prosecuting Attorney 8th Judicial District North 401 South Washington, Box 1022 Hope, Arkansas 71802-1022
Dear Mr. Wright:
I am writing in response to your request for an opinion on the following question:
 With the repeal of Arkansas Code Annotated Section 19-4-1707(d), is it now permissible for one person to be a part time Deputy Prosecuting Attorney and a part time attorney for the Office of Child Support Enforcement at the same time?
RESPONSE
If your question is whether a part-time deputy prosecuting attorney can enter into a professional services contract with the Office of Child Support Enforcement to deliver child support services, in my opinion the answer is still "no." Although A.C.A. § 19-4-1707(d) was repealed byAct 860 of 2003, it was essentially moved, amended and re-codified at A.C.A. § 19-11-1004(c)(1). See Acts 2003, No. 1315, § 13. If your question, however, if whether a part-time deputy prosecuting attorney can engage in concurrent employment with both a prosecuting attorney's office and the Office of Child Support Enforcement, that may be possible, depending upon a number of factors, including compliance with A.C.A. § 19-4-1604.
My predecessor addressed a similar issue in Op. Att'y. Gen. 2000-060. In that opinion it was noted that part-time deputy prosecuting attorneys became "state employees" on January 1, 2000 by virtue ofAct 1044 of 1999. My predecessor therefore concluded, under A.C.A. § 19-4-1707(d), that the state Office of Child Support Enforcement could not enter into a professional services contract with a law firm where one or more members of the firm were part-time deputy prosecuting attorneys. The relevant statute at that time, A.C.A. § 19-4-1707(d) provided that:
 In no event shall any state agency engage in a professional services or consultant services contract with a part-time or full-time employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency.
Opinion 2000-060 also relied upon two other former provisions of state law, A.C.A. § 19-4-1701(2) (defining "contractor" as excluding instances where the individuals performing the services are state employees occupying regular full-time or part-time or extra help positions provided by law); and A.C.A. § 19-4-1709(b)(8)(A) (requiring a certification to appear in each contract to the effect that "no regular full-time or part-time employee of any state agency . . . will receive any personal, direct, or indirect monetary benefits which would be in violation of law as a result of execution of th[e] contract").
You have asked whether it is now permissible, given the repeal of A.C.A. § 19-4-1707(d), for one person to be a part time deputy prosecuting attorney and a part time attorney for the Office of Child Support Enforcement at the same time. Because former A.C.A. § 19-4-1707(d) governed the execution of professional services contracts, I assume your question has reference to a deputy prosecuting attorney entering into a professional services contract with the Office of Child Support Enforcement. If this is the focus of your question, it is my opinion that the answer is "no," a deputy prosecuting attorney may not legally enter into such a contract.
Although the subchapter containing the statutes set out above, A.C.A. §§19-4-1701 to 1716, was repealed by Act 860 of 2003, the subchapter was amended and re-codified at A.C.A. §§ 19-10-1001 to -1012 (Supp. 2003).See Acts 2003, No. 1315. Subsection (c)(1) of A.C.A. § 19-11-1004 now provides as follows:
 Except as provided in this subsection, no state agency shall engage in a professional services or consultant services contract with a part-time or full-time employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency, except as provided in § 21-1-403.[1]
The new subchapter also contains the prohibition contained in the definition of "contractor," see A.C.A. § 19-11-1001(2); and the requirement of a certification to the effect that no full-time or part-time employee will receive monetary benefits from the contract. See
A.C.A. § 19-11-1012(b)(8)(A).
In my opinion therefore, if your question is whether a part-time deputy prosecuting attorney can enter into a professional services contract with the Office of Child Support Enforcement, the answer is still "no." Part-time deputy prosecuting attorneys remain state employees. See Acts2003, No 1010 (appropriating moneys to pay the salaries of such employees under a heading entitled "Regular Salaries"). As noted above, the relevant restrictions on such employees entering into professional services contracts with the state have been retained as well.
If your question inquires, however, as to whether a part-time deputy prosecuting attorney can engage in concurrent employment with both a prosecuting attorney's office and the Office of Child Support Enforcement, it is my opinion that that question is governed by A.C.A. §19-4-1604 (Supp. 2003), which is entitled "Salary from two agencies." This statute provides as follows:
 (a) Except as provided in subsection (b) of this section, no person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each agency, stating that:
 (1) The work performed for the other agency does not interfere with the proper and required performance of the person's duties; and
 (2) The combined salary payments from the agencies do not exceed the larger maximum annual salary of the line-item position authorized for either agency from which the employee is being paid.
* * *
 (b)(1) This section does not prohibit state employees from contracting to temporarily teach as adjunct faculty at a state-supported institution of higher education and thereby receive combined salary payments from the two (2) agencies in excess of the larger maximum annual salary of the line-item position authorized from either agency.
 (2)(A) This section does not prohibit part-time or job-share public defenders from receiving compensation from an appellate court for work performed in connection with an indigent's appeal to the Arkansas Supreme Court or the Arkansas Court of Appeals.
 (B) Persons employed as full-time public defenders who are not provided a state-funded secretary may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals.
An amendment in 2001 added the last two paragraphs. See
Acts 2001, No. 1370.
As noted in Opinion 2000-060:
 To the extent your question is whether individual members of the law firm, who are also part-time deputy prosecuting attorneys, could engage in concurrent employment with another state agency (i.e. the Office of Child Support Enforcement), the answer to your question would depend upon the findings of the Chief Fiscal Officer and agency heads as to the performance of the duties at issue and the line-item maximum limitations quoted above.
This same conclusion applies to your question if your question is whether a part-time deputy prosecuting attorney can also be employed as a part-time state employee for the Office of Child Support Enforcement. The provisions of A.C.A. § 19-4-1604 must be considered and followed for the concurrent employment to be lawful.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Section 21-1-403 (Supp. 2003) governs the making of lease agreements, contracts and grants between "constitutional officers" and state agencies.